**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **SYNDI O'BRIEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SE2, LLC,** | ) | |
| *Serve Registered Agent*: | ) | **Case No.:** |
| SE2, LLC | ) | |
| 1 S.W. Security Benefit Place | ) | |
| Topeka, KS 66636 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **SECURITY BENEFIT CORPORATION** | ) | |
| *Serve Registered Agent:* | ) | |
| Security Benefit Corporation | ) | |
| One Security Benefit Place | ) | |
| Topeka, KS 66636 | ) | |
| | ) | |
| **Defendants.** | ) | |

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Topeka, Kansas as the place of trial.

## COMPLAINT

COMES NOW Plaintiff, Syndi O'Brien ("Plaintiff"), by and through the undersigned counsel, states and alleges as follows against Defendants se2, LLC and Security Benefit Corporation ("Defendants").

## NATURE OF THE CLAIMS

1. This is an action for legal and equitable relief to redress the deprivation of Plaintiff's civil rights pursuant to 42 U.S.C. § 2000e (Title VII), and for sex-based wage and promotion discrimination in violation of the Equal Pay Act, provisions of the Fair Labor Standards Act, 29 U.S.C. § 206(d).

## PARTIES

2.    Plaintiff, at all times relevant to the allegations herein, was a resident of the State of Kansas and employed by Defendants se2, LLC ("se2") and Security Benefit Corporation ("SBC"), and working for Defendants in Topeka, Kansas.

3.    Defendant se2, LLC is a Kansas limited liability corporation authorized to and conducting business in the State of Kansas, and is a subsidiary of Defendant Security Benefit Corporation.

4.    Defendant Security Benefit Corporation is a Kansas corporation authorized to and conducting business in the state of Kansas.

5.    At all relevant times, Defendant Security Benefit Corporation employed more than five-hundred (500) employees for purposes of 42 U.S.C. § 1981a(b)(3)(D).

6.    At all relevant times, Defendant se2, LLC employed more than five-hundred (500) employees for purposes of 42 U.S.C. § 1981a(b)(3)(D).

7.    Defendants se2, LLC and Security Benefit Corporation engaged in joint ventures and had a joint employment arrangement.

8.    Defendants se2, LLC and Security Benefit Corporation exerted sufficient control over Plaintiff's employment, and otherwise determined matters governing the essential terms and conditions of Plaintiff's employment, and therefore Defendants were the employer of Plaintiff under Title VII.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this matter presents questions of federal law.

10.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

11.    Plaintiff timely filed a Charge of Discrimination, alleging gender discrimination against Defendants se2, LLC and Security Benefit Corporation, with the Equal Employment Opportunity Commission ("EEOC") on or about November 16, 2016. *A true and accurate copy of the Charge is attached hereto as Exhibit A and incorporated herein by reference.*

12.    Thereafter, on or about July 10, 2017, Plaintiff received a Notice of Right to Sue regarding her Charge of Discrimination filed against Defendants. *A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference.*

13.    This action is timely filed with this Court, and Plaintiff has fully complied with all administrative prerequisites before filing this action.

## FACTUAL ALLEGATIONS

14.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

15.    Plaintiff was a female employee of Defendants se2, LLC ("se2") and Security Benefits Corporation ("SBC").

16.    Defendant se2, LLC is a subsidiary of Security Benefits Corporation, and the two companies were engaged in a joint venture and joint employment relationship.

17.    On or about January 2015, Plaintiff began working as a consultant for both Defendant companies.

18.     As a consultant, Plaintiff focused on operational effectiveness and had high-level job responsibilities.

19.     Plaintiff provided high caliber services as a consultant, and her job performance was considered "stellar."

20.     On or about October 2015, Defendants approached Plaintiff about becoming an employee.

21.     On or about November 2015, Plaintiff met with CEO Guatam Thakkar and CIO Vonod Kachroo to discuss her job title, salary, and responsibilities.

22.     During these negotiations, Plaintiff requested to be given a Vice President title.

23.     Thakkar and Kachroo denied this request, despite the fact that Plaintiff's position and job responsibilities met or exceeded those of other male employees who were given a "Vice President" title.

24.     Further, Thakkar told Plaintiff he would pay her a maximum salary of $170,000 because at a higher salary, Plaintiff would make more than any other woman at se2, LLC.

25.     While Defendants employed several senior management-level employees, including approximately fifteen senior-level employees personally hired by Kachroo, only one was a female—that employee being Plaintiff.

26.     Upon information and belief, from June 2015 through July 2016, Defendants hired four male members of senior management with substantially similar job responsibility levels as Plaintiff.

27.     Each of those four male senior management members received "Vice President" titles.

28.     On or about January 2016, Plaintiff began her full-time employment with Defendants and was given the title "Business Transformation Leader."

29.     Plaintiff excelled in her role, and received praise from all levels of the organization.

30.     On or about May 2016, Plaintiff was given permission to create a "Business Analyst" position, which would report directly to Plaintiff.

31.     On or about June 23, 2016, Plaintiff selected a male internal candidate for the job, and Kachroo approved the employment paperwork.

32.     The new Business Analyst was to begin reporting to Plaintiff on or about June 27, 2016.

33.     On or about June 24, 2016, Plaintiff received positive feedback from the Chief Architect and Chief Marketing Officer regarding a large project she executed earlier in the month, and the going-forward strategy she presented to them.

34.     On or about June 27, 2016, Kachroo terminated Plaintiff's employment because the organization "was not mature enough to support" Plaintiff's role.

35.     Plaintiff was told by the Head of Human Resources and CIO Kachroo that Plaintiff's job performance had nothing to do with her termination.

36.     Plaintiff's job responsibilities were absorbed by her male counterparts in senior management.

37.     Based on information and belief, Plaintiff was discriminated against and ultimately terminated due to her gender.

38.     Based on information and belief, Defendants have a pattern and practice of paying qualified female employees substantially less than male employees performing similar job duties.

39.    Based on information and belief, Defendants have a pattern and practice of repositioning male employees within the organization in order to keep them employed, including those who had not performed well in their roles.

40.    Based on information and belief, Defendants have a pattern and practice of hiring and promoting male members of senior management to Vice President titles, while not giving equally qualified female senior management members Vice President titles.

41.    Based on information and belief, as it relates to their employment and compensation of female employees, Defendants engaged in and continue to engage in a pattern and practice of gender discrimination.

42.    Plaintiff has been damaged as a result of Defendants' discrimination in ways including, but not limited to, incurring lost wages and suffering emotional distress.

43.    At all times mentioned herein, before and after, the above-referenced individuals, including Guatum Thakkar and Vinod Kachroo, were agents, servants, and employees of Defendants, and were at all such times acting within the course and scope of their employment, or their actions were expressly authorized or ratified by Defendants. Defendants are therefore liable for the actions of said persons and/or perpetrators under all theories pled herein.

**COUNT I**
**Title VII – Gender Discrimination**
**(42 U.S.C. § 2000 *et seq*.)**
**All Defendants**

COMES NOW Plaintiff and for Count I of her Complaint against Defendants se2, LLC and SBC, alleges and states as follows:

44.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

45.    Each Defendant employed more than five-hundred (500) employees.

6

46.     During the course and scope of Plaintiff's employment, Defendants' representatives, including Guatam Thakkar and Vinod Kachroo, while acting within the course and scope of their employment, engaged in a pattern and practice of intentional discrimination toward Plaintiff on the basis of her female gender, in violation of 703(a) of Title VII, 42 U.S.C. §2000e 2(a) and §2000e 3(a).

47.     At all times throughout her employment, Plaintiff adequately performed her job responsibilities.

48.     Defendants engaged in a pattern or practice of gender discrimination by hiring and/or promoting male members of senior management to "Vice President" roles, while not hiring and/or promoting equally qualified female members of senior management.

49.     Defendants engaged in a pattern or practice of gender discrimination by repositioning male employees within the organization in order to keep them employed, but not doing the same for equally or more qualified female employees.

50.     Thus, as it relates to their employment and compensation of female employees, Defendants engaged in and continue to engage in a pattern and practice of gender discrimination.

51.     Plaintiff's gender was a motivating or determining factor in Defendants' decision to refuse her a Vice President title and salary, or otherwise played a part in Defendants' refusal of said title and salary.

52.     Plaintiff's gender was a motivating or determining factor in Defendants' decision to terminate Plaintiff's employment, or otherwise played a part in Defendants' decision to terminate Plaintiff's employment.

53.     Defendants' unlawful discrimination and termination of Plaintiff's employment directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

54.     Defendants' actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendants to punish Defendants and to deter Defendants and others from like conduct.

55.     At all times referenced herein, the above referenced perpetrators were agents, servants and employees of Defendants and were at all times acting within the course and scope of their employment, and/or their actions were expressly authorized by Defendants, thus making Defendants liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants se2, LLC and Security Benefit Corporation on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §2000e *et seq*; for an award of compensatory and punitive damages, pre judgment and post judgment interest, as provided by law, for her costs expended, for reasonable attorneys' fees and for such other and further relief as this Court deems just and proper, including equitable relief.

**COUNT II**
**Equal Pay Act – Pay and Promotion Discrimination**
**(29 U.S.C. § 206(d))**
**All Defendants**

COMES NOW Plaintiff and for Count II of her Complaint against Defendants se2, LLC and SBC, alleges and states as follows:

56.     Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

57.    Each Defendant employed more than five-hundred (500) employees.

58.    In her role as "Business Transformation Leader," Plaintiff had equal or substantially similar job responsibilities as her male counterparts with higher "Vice President" job titles.

59.    Plaintiff's job required substantially equal skill, effort, and responsibility under similar working conditions as her male counterparts.

60.    Defendants denied Plaintiff a higher salary on the basis of her sex; namely, because it would make her the highest paid woman at Defendants' company.

61.    Defendants discriminated against Plaintiff on the basis of her gender by providing her with less compensation than similarly situated male employees performing the same or similar duties.

62.    Defendants also discriminated against Plaintiff on the basis of her gender by refusing to promote her to a job title equal to that of similarly situated male employees performing the same or similar duties.

63.    Defendants engaged and continue to engage in a pattern and practice of sex-based discrimination by paying men higher wages and giving men higher titles for jobs that require substantially equal skill, effort, and responsibility under similar working conditions as equally qualified female employees.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants se2, LLC and Security Benefit Corporation on Count II of her Complaint, for a finding that she has been subjected to unlawful sex-based wage discrimination as prohibited by 29 U.S.C. § 206(d); for an award of unpaid compensation and back pay; front pay; compensatory damages and punitive damages, pre judgment and post judgment interest, as provided by law; for her costs

expended; for reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all Counts stated herein.

**HOLMAN SCHIAVONE, LLC**

By: /s/Kirk D. Holman
Kirk D. Holman, KS #19558
Ashley S. Grace, KS #26888
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
kholman@hslawllc.com
agrace@hslawllc.com

ATTORNEYS FOR PLAINTIFF